RAFAEL A. SEMINARIO [10250]
RICHARDS BRANDT MILLER NELSON
111 East Broadway, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 531-2000
Fax No.: (801) 532-5506
Email: Rafael-Seminario@rbmn.com

*Attorneys for Defendant Allstate Fire and Casualty Insurance Company*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAMON TORRES HERNANDEZ; and MARIA JULILA RAMOS DE TORRES, | **ANSWER AND REQUEST FOR JURY TRIAL** |
| Plaintiffs, | |
| vs. | Civil No. 2:24-cv-00682 |
| GOSDIS LAW FIRM, PLLC, PAIN-PRO CLINIC; PROGRESSIVE CLASSIC INUSRANCE COMPANY; AND ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | Judge Dustin B. Pead |
| Defendants. | |

Defendant Allstate Fire and Casualty Insurance Company ("Defendant"), by and through its counsel, Rafael A. Seminario of RICHARDS BRANDT MILLER NELSON, hereby answers Plaintiffs' Complaint as follows:

### **FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

With respect to the specific numbered allegations of Plaintiffs' Complaint, Defendant admits, denies, and alleges as follows:

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

      1. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph A, and therefore denies.

   B. **The Defendant(s)**

      1. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Defendant No. 1, and therefore denies.

      2. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Defendant No. 2, and therefore denies.

      3. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Defendant No. 3, and therefore denies.

      4. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Defendant No. 4, and therefore denies.

II. **Basis for Jurisdiction**

   A. Denied.

### III. Statement of Claim

#### A. Defendant No. 1 SHANE D. GOSDIS

1. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 1, and therefore denies.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 2, and therefore denies.

#### B. Defendant No. 2 Buchmuller Lilia NP (Pain Pro)

1. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 1, and therefore denies.

#### C. Defendant No. 3 Progressive Classic Insurance Company

1. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 1, and therefore denies.

#### D. Defendant No. 4 Allstate Fire and Casualty Insurance Company

1. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 1, and therefore denies.

  **IV. Injuries**

    A. The allegations in paragraph 1 are directed at other Defendants in this matter and fail to state a claim against this Defendant. Furthermore, Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 1, and therefore denies.

  **V. Relief**

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 1, and therefore denies.

  **VI. Certification and Closing**

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 1, and therefore denies.

### THIRD DEFENSE

Defendant further denies each and every allegation of Plaintiffs' Complaint not specifically admitted in the Second Defense of this Answer.

### FOURTH DEFENSE

Plaintiffs have failed to state any factual basis for any claims against Defendant.

### FIFTH DEFENSE

Plaintiffs' claims for damages are barred to the extent that they have failed to mitigate their damages.

### SIXTH DEFENSE

In the event it is established that Plaintiffs' damages, if any, were proximately caused by the acts or omissions of third persons or entities over whom and over which Defendant has no

control or right of control, then Defendant may not be held liable for any such acts or omissions and would be entitled to an apportionment of fault as to such third persons or entities.

### SEVENTH DEFENSE

Defendant may be held liable only for its own contractual provisions and obligations, and not for any other acts, omissions, conditions, circumstances, or events.

### EIGHTH DEFENSE

Defendant may be held liable only for its own actions, if any, and not for any other acts, omissions, conditions, circumstances, or events.

### NINTH DEFENSE

Defendant asserts that neither it nor any of its agents or employees breached any duty of care, if any, owed to Plaintiffs.

### TENTH DEFENSE

In the event that it is established that Plaintiffs have not met their threshold requirements of Utah Code Ann. § 31A-22-309 (1953 as amended), in that Plaintiffs' medical expenses fail to meet the threshold requirement of $3,000.00 in reasonable and necessary medical expenses as contemplated by that statute, and that Plaintiffs have not sustained any permanent disability or permanent impairment based on objective findings caused by the subject accident, then Plaintiffs' claims for general damages are barred.

### ELEVENTH DEFENSE

Plaintiffs' claims for injuries and damages are barred to the extent that such have been paid or compensated through no-fault insurance. Defendant is entitled to an offset or reduction in damages from any award or judgment to the extent of such no-fault insurance payments. To

the extent that Plaintiffs' Complaint asserts claims for amounts compensated by such insurance, those parts of Plaintiffs' Complaint should be stricken.

### TWELTH DEFENSE

To the extent Plaintiff's injuries and damages, if any, preexisted the subject accident or were caused or aggravated by some intervening cause or act unrelated to the subject motor vehicle accident, then Defendant is entitled to an offset or reduction in damages, or a complete bar thereof.

### THIRTEENTH DEFENSE

Plaintiffs' claims may be barred by the doctrines of waiver and estoppel.

### FOURTEENTH DEFENSE

Plaintiffs failed to fulfill their duty to act in good faith and to deal fairly with Defendant regarding the handling of the subject claim.

### FIFTEENTH DEFENSE

Plaintiffs' exclusive remedy is for breach of contract, if any, and therefore Plaintiffs' claims for any damages other than breach of contract and those damages permitted by statute are barred.

### SIXTEENTH DEFENSE

Plaintiffs have failed to plead their special damages, if any, with specificity as required by Rule 9(g), Federal Rules of Civil Procedure.

### SEVENTEENTH DEFENSE

Plaintiffs' claims for statutory interest must be denied to the extent that Plaintiffs' Complaint asserts a right to interest as provided by Utah Code Ann. § 78B-5-824 (2009),

inasmuch as said statute is unenforceable and unconstitutional in that it purports to allow interest from the date of the occurrence giving rise to the cause of action, as opposed to the date that the expense, or the indebtedness for the expense, was actually incurred. That statute violates the substantive and procedural Due Process clauses of the United States Constitution, as well as the following sections of the Constitution of Utah: Art. I §§ 7 (Due Process), 27 (Fundamental Rights), 24 (Uniform Operation of the Laws), 11 (Open Courts), and others.

### EIGHTEENTH DEFENSE

Plaintiffs may have failed to fulfill their duty to act in good faith and to deal fairly with Defendant regarding the handling of the subject claim in violation of their contractual duties of good faith and fair dealing and Utah Code Ann. §78B-5-825.

### NINETEENTH DEFENSE

Defendant reserves the right to seek a dismissal or summary judgment under Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

### TWENTITH DEFENSE

Defendant reserves the right to raise additional defenses not known at this time, but which may become known during the course of discovery, investigation or trial.

WHEREFORE, Defendant prays that this court enter an Order denying all relief requested under Plaintiffs' Complaint, striking and dismissing Plaintiffs' Complaint, and awarding to Defendant costs and attorney's fees, and such other and further relief as this court may deem just and proper.

## **REQUEST FOR JURY TRIAL**

Defendant, by and through its counsel of record, hereby respectfully demands that all issues of fact in the above-entitled matter be tried to a jury.

DATED this 11th day of October, 2024.

RICHARDS BRANDT MILLER NELSON


*/s/ Rafael A. Seminario*
Rafael A. Seminario
*Attorneys for Defendant Allstate Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ANSWER AND REQUEST FOR JURY TRIAL** was delivered as indicated below, on this 11th day of October, 2024, to the following:

| | | |
|---|---|---|
| Ramon Torres Hernandez | ☐ | U.S. Mail – Postage Prepaid |
| Maria Julia Ramos de Torres | ☐ | Hand Delivery |
| 1754 West Sugar Factory | X | Electronic Filing |
| West Jordan, Utah  84088 | ☐ | Email |
| ramonth63@gmail.com | | |
| *Pro Se Plaintiffs* | | |

*/s/ Dana Marie Schanuel*