THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Ramon Torres Hernandez and Maria Julia Ramos De Torres,<br><br>     Plaintiffs,<br>v.<br><br>Shane D Gosdis, et al.,<br><br>     Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00682-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

  Plaintiffs Ramon Hernandez and Maria Ramos De Torres, who are proceeding pro se, were involved in an automobile accident on approximately February 11, 2019.[1] Unhappy with what transpired following that accident, Plaintiffs bring claims against multiple Defendants. Although the court empathizes with Plaintiffs' plight, dissatisfaction in another case does not give rise under the law to bringing a viable suit in this court. Plaintiffs' Complaint suffers from multiple flaws, and therefore Defendants' respective Motions to Dismiss, should be granted and Plaintiffs' remaining motions be denied or deemed moot.

## **BACKGROUND**[2]

  On or about February 11, 2019, Plaintiffs were involved in an automobile accident with Junjie Zhang.[3] Plaintiffs filed a lawsuit again Junjie Zhang in Salt Lake Third District Court and eventually that matter was settled. Plaintiffs executed a release on May 5, 2023, in that case.

---

[1] The matter is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from Judge Allen. (ECF No. 9.)

[2] The court sets forth the background based on Plaintiffs' Complaint and the record before it.

[3] See Release of All Claims dated May 5, 2023 ("Release") (attached as Exhibit A to Defendant Progressive's Motion to Dismiss), ECF No. 32-1. Usually, when reviewing a Rule 12(b)(6) motion to dismiss like those presented here, the court cannot consider materials outside the complaint without converting the motion into one for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). There are,

On September 16, 2024, Plaintiffs filed suit against four Defendants alleging injuries arising from the February 2019 automobile accident and subsequent events. Plaintiffs bring suit against (1) Shane Gosdis who based on the Complaint represented Plaintiffs; (2) Lilia Buchmuller NP, of Pain-Pro Specialists who treated Mr. Hernandez; (3) Progressive Classic Insurance Company who insured Junjie Zhang, the other driver involved in the automobile accident; and (4) Allstate Fire and Casualty Insurance Company. Plaintiffs claim jurisdiction is proper under 42 U.S.C. § 1983. Section 1983 allows claims alleging "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."[4]

Multiple Defendants bring Motions to Dismiss.[5] Plaintiffs also bring several motions: Motion to Request to the Court to Conclude My Case,[6] a Motion to Stay,[7] Motion "Charges Compensation for Fraud and Negligence,"[8] and Motion "Indemnity Declaration Request for Fraud and Negligence."[9]

---

however, exceptions to this general rule. A court may consider: (1) documents attached to or incorporated by reference into the complaint, *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *GFF Corp*., 130 F.3d at 1384; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002); and (3) matters of which the court may take judicial notice, *Tellabs, Inc*., 551 U.S. at 322, 127 S.Ct. 2499. "[O]n a motion to dismiss [the court is] not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The documents, however, "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006) (quotations and citations omitted). Progressive is not offering the Release to prove the truth of matters asserted and presents it to give further context to Plaintiffs' facts in their Complaint including the name of the other driver involved in the accident. The accident is central to Plaintiffs' Complaint and the "serious injuries" suffered therefrom. Complaint at 8. The court does not rely on the Release in rendering its decision but does consider it as part of the record.

4 42 U.S.C. § 1983.

[5] ECF No. 17, 23, 32, 49, 80.

[6] ECF No. 36.

[7] ECF No. 47.

[8] ECF No. 68.

[9] ECF No. 69.

## STANDARD OF REVIEW

### I.  Legal Standard for *Pro Se* Plaintiff

Plaintiffs proceed *pro se*. Therefore, the court reviews Plaintiff's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[10] While making allowances for "failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements,"[11] the court will not construct arguments on Plaintiff's behalf and Plaintiff must comply with "'the same rules of procedure that govern other litigants.'"[12]

### II.  Legal Standard for Motion to Dismiss for Failure to State a Claim and the IFP Statute

A party moving to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is asserting the defense of "failure to state a claim upon which relief can be granted."[13] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[14] A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[15] Although the factual allegations of the complaint need not be detailed, they must contain more

---

[10] *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

11 *Garrett v. Selby Connor Maddux & Jane*r, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (alteration omitted)).

[12] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *see also Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (requiring a *pro se* litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[13] Fed. R. Civ. P. 12(b)(6).

[14] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[15] *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009).

than a "formulaic recitation of the elements of a cause of action"[16] and conclusory statements are "not entitled to be assumed true."[17] Indeed, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[18]

## DISCUSSION

The court begins with a fatal flaw in Plaintiffs' case applicable to all parties, which Plaintiffs have failed to address, jurisdiction.

### I.  Plaintiffs fail to establish jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[19] The presumption is against jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.[20]

"Subject-matter jurisdiction involves a court's authority to hear a given type of case and may not be waived."[21] Even "pro se plaintiffs … bear the burden of demonstrating a proper basis for a federal court's subject-matter jurisdiction."[22] When a party attacks subject matter

---

[16] *Ashcroft,* 556 U.S at 678 (quoting *Bell,* 550 U.S. at 555).

[17] *Id.* at 664.

[18] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 62 USLW 4313, 29 Fed. R. Serv. 3d 1, 1994 WL 183616 (1994)

[20] *Id.*

[21] *Radil v. Sanborn W. Camps, Inc*., 384 F.3d 1220, 1224 (10th Cir. 2004) (citation omitted).

[22] *Soto v. Kalatzes*, No. 21-4103, 2022 WL 1831258, at *2 (10th Cir. June 3, 2022). *See, e.g., Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1025 (10th Cir. 2012) ("Even affording a liberal construction to the averments of [the pro se plaintiff's] complaint, however, we conclude that they are not sufficient to demonstrate the presence of federal-question jurisdiction. Accordingly, the district court lacked subject-matter jurisdiction over this case."); *Parker v. WI Waterstone, LLC*, 790 F. App'x 926, 929 (10th Cir. 2019) (unpublished) (noting that "[t]he burden to meet these requirements [of diversity jurisdiction] lies with [the pro se plaintiff], [and].... [h]e has failed to do so" (citation omitted)); *Kucera v. Cent. Intel. Agency*, 754 F. App'x 735, 738 (10th Cir. 2018) (unpublished) ("[W]e

jurisdiction, "the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."[23] Subject-matter jurisdiction is determined based on the facts that exist at the time a complaint is filed.[24] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[25] "When a facial attack of the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint, the Court applies the same standards as one made pursuant to Rule 12(b)(6)."[26]

Here, Plaintiffs allege that the court has jurisdiction under 42 U.S.C. § 1983 by checking a box on the Complaint. There is nothing in the Complaint setting forth further detail regarding how this court has jurisdiction under §1983. "To invoke federal question jurisdiction under Section 1983, plaintiff must first show a violation of the Constitution or of federal law, and then show that someone acting "under color of state law" committed the violation."[27] Plaintiffs fail to meet either requirement. There are no allegations of a Constitutional provision or other federal law that was violated. There are also no allegations of governmental actors or someone acting under color of law that committed the violation. Instead, Plaintiffs allege Defendant Shane Gosdis had excessively bad communication, Defendant Lilia Buchmuller gave "unnecessary

---

have nevertheless studied [the pro se plaintiff's] complaint de novo and conclude that he has not alleged facts sufficient to show that the district court had subject-matter jurisdiction.").

[23] *Id.*

[24] *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[25] Fed. R. Civ. P. 12(h)(3).

[26] *Free Speech Coal., Inc. v. Anderson*, 685 F. Supp. 3d 1299, 1302 (D. Utah 2023), aff'd, 119 F.4th 732, 2024 WL 4352434 (10th Cir. 2024).

[27] *Brooks v. Bank of New York Mellon Tr.* Co., No. CV 24-2188-KHV, 2024 WL 3826114, at *4 (D. Kan. Aug. 14, 2024), reconsideration overruled, No. CV 24-2188-KHV, 2024 WL 4241358 (D. Kan. Sept. 19, 2024) (citing 42 U.S.C. §1983); *see also McCarty v. Gilchrist,* 646 F.3d 1281, 1285 (10th Cir. 2011) (Section 1983 provides federal civil remedy for deprivation of rights, privileges, or immunities secured by Constitution by person acting under color of state law).

injections" requiring surgery (a medical malpractice claim), Defendant Progressive Classic Insurance Company "made information changes 2 (two) days after the accident",[28] and Defendant Allstate Fire and Casualty Insurance Company only allowed Plaintiffs to talk to their lawyer and Plaintiff Julia has injuries and was not compensated for supporting her husband Plaintiff Ramon. Plaintiffs do provide further details surrounding their injuries and the accident. However, even broadly construing Plaintiffs' Complaint, jurisdiction under §1983 is not established.

Next, even if the court broadly construes Plaintiff's Complaint in an effort to find jurisdiction under 28 U.S.C. § 1332, such an inquiry fails. "To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000."[29] Plaintiffs fail to make any required showing to establish diversity jurisdiction.

Accordingly, the court lacks subject matter jurisdiction, and this matter should be dismissed as to all Defendants. Plaintiffs fail to set forth any claim establishing jurisdiction.

## II.  Defendants offer additional persuasive reasoning to dismiss

In the alternative, and in addition to the jurisdictional issues, the court briefly considers the additional reasoning offered by Defendants in Support of their motions. Defendant Gosdis and Defendant Gosdis Law Firm offer similar arguments in support of dismissing this case. They both move to dismiss under Federal Rule 12(b)(4) because Plaintiffs failed to serve them with the Complaint and Summons. Federal Rule 4(m) provides that if a defendant is not served "within 90 days after the complaint is filed," the Court "must dismiss the action without

---

[28] Complaint at 7.

[29] *Radil*., 384 F.3d at 1225.

prejudice against that defendant . . ."[30] On September 16, 2024, Plaintiffs filed their Complaint, but according to these Defendants, failed to properly serve them. In response, Plaintiffs ask the court to "continue with the lawsuit" and they do not know the "Rules of Civil cases".[31] As noted previously, Plaintiffs must comply with "the same rules of procedure that govern other litigants."[32] Ignorance is no excuse, and Plaintiffs fail to offer any justification for failing to properly serve these Defendants. Thus, dismissal would be proper under Rule 12(b)(4).

Next, Plaintiffs case against Defendant Lilia Buchmuller fails in two other aspects. Broadly construed, Plaintiffs' allegations constitute a personal injury medical malpractice claim against Defendant Buchmuller. This claim has a two-year statute of limitations period, which begins "the moment when a patient first has knowledge or constructive knowledge of the facts underlying their malpractice claim."[33] Based on the allegations in the Complaint, Plaintiff discovered the harm arising from Buchmuller's actions by September 1, 2022.[34] Plaintiff did not file until September 16, 2024, which is outside the limitation period. The "United States Supreme Court has held that a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations."[35] Thus, Plaintiffs' Complaint fails to state a claim, and Plaintiffs offer no persuasive arguments otherwise.

---

[30] Fed. R. Civ. P. 4(m).

[31] Response at 1, ECF No. 20.

[32] *Nielsen*, 17 F.3d at 1277 (quotations and citation omitted).

[33] *Jensen v. IHC Health Servs., Inc.*, 472 P.3d 935, 938 (Utah 2020); *see also Robertson v. IHC Health Servs., Inc.*, No. 219CV00053JNPCMR, 2022 WL 1443069, at *4 (D. Utah May 6, 2022) (applying Utah's statue of limitations to a medical malpractice claim), aff'd sub nom. *Robertson v. IHC Health Servs.*, No. 22-4046, 2023 WL 4618346 (10th Cir. July 19, 2023)

[34] "Dr. Thomas … points out that he found injuries in my spine and order surgery (09-01-2022)" Complaint at 8.

[35] *Crowley v. Shurtleff*, No. 2:07-CV-5 DAK, 2008 WL 5341131, at *2 (D. Utah Dec. 19, 2008) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920–21, 166 L.Ed.2d 798 (2007)).

In addition, before seeking relief, the Utah Health Care Malpractice Act[36] "requires plaintiffs to give prospective defendants ninety days' notice of intent to commence the action" and must "present their case to a prelitigation panel which determines whether the claims have 'merit' or 'no merit.'"[37] Plaintiffs did not engage in the required prelitigation process and therefore their claim fails to meet the necessary legal requirements.

Defendant Progressive Classic Insurance Company moves to dismiss under Rule 12(b)(6) because Plaintiffs fail to allege sufficient facts indicating that Plaintiffs have any contractual relationship with Progressive, that Progressive owed them any legal duty, or violated any statutory or constitutional right. Progressive insured the other party that was involved in the initial accident with Plaintiffs. In opposition, Plaintiffs provide that Progressive was notified of a summons for this case and attaches a copy of the Complaint. Plaintiffs do not dispute that they are neither insureds nor beneficiaries of Progressive. Thus, even broadly construed, there is no viable claim against Progressive.

### III. Allowing Plaintiffs to amend their Complaint would be futile

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[38] Similarly, dismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[39]

---

[36] *See* Utah Code §§ 78B-3-401 through 426.

[37] *Robertson*, 2022 WL 1443069, at *2.

[38] *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806, 1999 WL 33063 (10th Cir. 1999).

[39] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

The court construes Plaintiff's Complaint liberally. However, the Complaint still fails even when accepting the allegations in the Complaint as true and viewing them in the light most favorable to Plaintiffs. Jurisdiction is wanting, and allowing any amendment on the alleged facts would be futile. The undersigned therefore recommends that this matter be dismissed.[40] The court has also considered Plaintiffs' respective Motions and finds them to be without merit. Therefore, they should be denied or deemed moot upon dismissing this case.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that this case be dismissed and Defendants' Motions to Dismiss be GRANTED. IT IS FURTHER RECOMMENDED that Plaintiffs' Motions be DEEMED MOOT or DENIED and this matter be dismissed.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[41] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[42] Failure to object may constitution waiver of the objections upon subsequent review.

---

[40] Defendant Allstate Fire and Casualty Insurance Company has not filed a motion to dismiss. Yet there is no basis for subject matter jurisdiction in Plaintiffs' Complaint. Therefore, there is no reason this case should continue.

[41] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[42] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED this 25 April 2025.

_____
Dustin B. Pead
United States Magistrate Judge